IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNEY E. FRY, MICHAEL W. FRY,
TYRONE K. FRY and PAMELA L.
FRY-LEUTY,

Plaintiffs,

v.

STONEBRIDGE LIFE INSURANCE
COMPANY,

Defendant.                                          No. 10-472-DRH

MEMORANDUM AND ORDER

HERNDON, Chief Judge:

### I.  Introduction and Background

Pending before the Court is Plaintiffs' Motion to Remand (Doc. 13).

Defendant has filed a response to the motion (Doc. 17).  Based on the following, the

Court **GRANTS** Plaintiff's motion to remand (Doc. 13).

On May 17, 2010, Plaintiffs Kenney E. Fry, Michael W. Fry, Tyrone K.

Fry and Pamela Fry-Leuty filed a one count Complaint for Declaratory Relief in the

Circuit Court for the Third Judicial Circuit in Madison County, Illinois (Doc. 4 Ex.

1).  Accordingly to the Complaint, Plaintiffs seek a declaration of the rights under a

life insurance policy for their father, Kenneth E. Fry, who died on July 5, 2008.  After

Fry's death, the Plaintiffs, his beneficiaries, sought payment of the benefits from

Defendant but Defendant refused, arguing that the claim was excluded because his

death was due to disease.  Plaintiffs, however, argue that they are entitled to payment

under the policy because the deceased died of a medical mistake and the hospital's failure to treat the deceased appropriately (*Id.*).

On June 29, 2010, Defendant removed the case to this Court based on diversity jurisdiction pursuant to **28 U.S.C. § 1332** (Doc. 4).  The Notice states that Defendant is a Vermont corporation with its principal place of business in Cedar Rapids, Iowa while Plaintiffs are all residents of Madison County, Illinois (*Id.* at ¶¶ 5-7).  Defendant also asserts that it is its belief that the Complaint meets the amount of damages for diversity jurisdiction although Plaintiffs' Complaint does not seek a specific dollar amount (*Id.* at ¶ 8).  Instead, Defendants argue that because Plaintiffs seek attorney's fees and that such breach of their duties was willful and wanton, that an award amount would exceed $75,000 when combined with the value of the declaratory relief (*Id.* at ¶¶ 8-11).

## II.  <u>Discussion</u>

### A.    **Legal Standard**

The removal statute, **28 U.S.C. § 1441**, is construed narrowly and doubts concerning removal are resolved in favor of remand.  ***Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**.  Defendant bears the burden of presenting evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt.  **See *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997)**.  However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to **28 U.S.C. §**

**1447(c)**.

The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs.  Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*, **106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**.  The status of the case as disclosed by a plaintiff's complaint is controlling on the issue as to whether the case is removable. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, **303 U.S. 283, 291, 58 S.Ct. 586, 82 L.Ed. 845 (1938)**.

As Plaintiffs do not contend that the parties are not diverse, the only real issue before the Court is whether the amount in controversy is sufficient.  When the amount in controversy is at issue, if the face of the complaint establishes that the suit cannot involve the necessary amount, the case should be remanded. *Id.* **at 291-92.** "Accepted wisdom" provides that a plaintiff's evaluation of the stakes must be respected when deciding whether a claim meets the amount in controversy requirement for federal diversity jurisdiction. *Barbers, Hairstyling for Men & Women, Inc. v. Bishop*, **132 F.3d 1203, 1205 (7th Cir. 1997) (citing *St. Paul Mercury*, 303 U.S. at 289)**.  However, "a plaintiff 'may not manipulate the process' to defeat federal jurisdiction and force a remand once the case has been properly removed." *Gould v. Artisoft, Inc.*, **1 F.3d 544, 547 (7th Cir. 1993) (citations**

omitted).

If the Plaintiff's prayers for relief do not specific a monetary amount, "the [C]ourt may look outside the pleadings to other evidence of jurisdictional amount in the record." **Chase, 110 F.3d at 427 (internal citations omitted)**. Yet, the Court must only analyze "evidence of amount in controversy that was available at the moment the petition for removal was filed." **Id. (citing In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992))**. In determining whether the jurisdictional threshold amount has been met, pursuant to § 1332, the Court must evaluate "the controversy described in the plaintiff's complaint and the record as a whole, as of the time the case was filed." **Uhl v. Thoroughbred Tech. and Telecomm., Inc., 309 F.3d 978, 983 (7th Cir. 2002) (citing Shaw v. Dow brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993))**. If little information is provided as to the value of a plaintiff's claim from the onset, a court can find, at times, that a defendant's "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." **Oshana v. Coca-Cola Co., 472 F.3d 506, 511 (7th Cir. 2006) (citing Rubel v. Pfizer, Inc., 361 F.3d 1016, 1020 (7th Cir. 2004))**. Once subject matter jurisdiction has been established, it can only be defeated if a plaintiff presents "to a legal certainty that the claim [was] really for less than the jurisdictional amount" at the time of removal. **Id. (citations omitted)**.

In diversity jurisdiction suits seeking declaratory judgment or an injunction, the amount in controversy is the value of the "object of the litigation."

*America's Moneyline, Inc. v. Coleman*, 360 F.3d 782, 786 (7th Cir. 2004). In other words, the amount in controversy is the amount at stake to either party of the suit. *In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 609-610 (7th Cir. 1997). The object of the litigation is valued either as "what the plaintiff stands to gain, or what it would cost the defendant to meet the plaintiff's demand." *See Macken v. Jensen*, 333 F.3d 797, 799-800 (7th Cir. 2003).

In determining whether a remand is warranted in this case, the Court must look at whether the allegations in Plaintiffs' Complaint show that the amount in controversy exceeds $75,000. If the allegations are not specific, the Court must look to whether Defendants' estimate of the amount in controversy in this case was "plausible and supported by a preponderance of the evidence." *Id.*

**B.      Analysis**

In this case, Plaintiff does not seek a monetary award but rather seeks a declaration from the Court: (1) declaring the rights and duties of the parties under the policy; (2) declaring that the death of the insured was accidental; and (3) declaring that said death requires the Defendant to make payments for all compensation as allowed by the insurance policy. As Plaintiff has pointed out, the main object in this suit is the certificate of accidental life insurance. At the time this case was removed, the policy limits on that certificate was $55,000 so that all Plaintiffs could obtain from litigation would be an order declaring that the Plaintiffs, as beneficiaries, were entitled to payment up to the policy limits, from Defendant.

The Defendant does not dispute that the policy is worth only $55,000 and that all Plaintiffs could recover would be the policy limits.  In fact, Defendant admits in its Response that the policy amount is $55,000 and has informed Plaintiffs' counsel of the maximum recovery under the policy (*See* Doc. 13 Ex. A).

However, Defendant argues that Plaintiff's prayer for attorney's fees and punitive damages would bring the amount in controversy above the $75,000 threshold.  Plaintiffs, on the other hand, argue that they are not seeking any damages aside from the policy limits and that attorneys' fees under **259 ILCS 5/155** are not recoverable in this case as it does not appear, nor have they alleged, that Defendant's have unreasonably delayed settlement of their claim and that the delay was vexatious and unreasonable.  Plaintiffs have made no allegations in their Complaint as to an award under Section 5/155, nor have they alleged that there was an unreasonable delay by Defendants.  Since no attorney's fees under Section 5/155 have been alleged, all that is left to meet the diversity threshold is a possible award of punitive damages. However, Defendant has failed to meet its burden of showing by a preponderance of the evidence that Plaintiff could be entitled to a punitive award of greater than $20,000 needed to meet the threshold.  It is unlikely, given the allegations in the Complaint, that Plaintiffs would be entitled to such a large punitive award.  Thus, the Court finds that Plaintiff's Complaint does not allege an amount in controversy above the $75,000 threshold and thus, the case should be **REMANDED**.

### III.   Conclusion

Accordingly, the Court **GRANTS** Plaintiffs' motion to remand (Doc. 13) and **REMANDS** this matter to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois.  Further, the Court **FINDS AS MOOT** Defendant's motion to dismiss (Doc. 10).  The Court will close the file.

**IT IS SO ORDERED.**

Signed this 22nd day of October, 2010.

David R. Herndon
2010.10.22 15:23:00
-05'00'

**Chief Judge**
**United States District Court**